UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 02-41616 |
| ) | |
| WILFRED IRIZARRY, ) | |
| ) | |
| Debtor. ) | ADV. PRO. NO.: 08-04121 |
| ) | |
| ********************************* ) | JUDGE KAY WOODS |
| ) | CHAPTER 13 |
| WILFRED IRIZARRY, ) | |
| ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| Plaintiff, ) | ALLTEL COMMUNICATIONS, INC.'S |
| ) | MOTION TO DISMISS |
| vs. ) | |
| ) | |
| AFNI, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## INTRODUCTION

Plaintiff's Complaint against Alltel suffers from two fundamental flaws. First, the only claim pled against Alltel is for "willful violation of the discharge injunction". (Complaint ¶ 27.) The Sixth Circuit has explicitly held that no private right of action exists for violations of 11 U.S.C. § 524 and Plaintiff's claim therefore fails as a matter of law. Second, Plaintiff's claim that the discharge injunction was violated is based solely upon the allegation that Alltel "sold the discharged debt with knowledge that the debt would be collected on." (*Id*.) As a matter of law, the sale of a debt is not an effort to collect the debt for purposes of 11 U.S.C. § 524. Plaintiff's claim fails in its entirety.

## PROCEDURAL HISTORY

Plaintiff filed for Chapter 13 bankruptcy protection on April 7, 2002. Alltel was listed as a creditor on Plaintiff's schedules but did not appear in the bankruptcy.[1] On June 23, 2006, Plaintiff's bankruptcy was dismissed, apparently for failure to make payments. (Docket 24.) However, on the bankruptcy was reinstated and a discharge order was entered on August 16, 2006. (Docket 30.)

On February 1, 2008, Plaintiff filed a show cause motion against a collection agency, AFNI, Inc. ("AFNI") for allegedly attempting to collect on a discharged debt. (Docket 37.) Alltel was not named as a party to the show cause motion, was not listed on the certificate of service and was not served with the motion pursuant to Bankr. R. 7004. (*Id.*) AFNI did not appear at the show cause hearing and an order finding it in contempt was issued on February 28, 2008. (Docket 42.)

On July 3, 2008, Plaintiff filed his Complaint. In addition to claims against AFNI for damages in connection with the show cause order, violations of the Fair Debt Collection Practices Act and invasion of privacy, Plaintiff also pled a claim against Alltel for 'willful violation of the discharge injunction". (Complaint ¶ 27.) The basis of this claim is an allegation that Alltel "sold the discharged debt with knowledge that the debt would be collected on." (*Id.*)

## ARGUMENT

**I.     Legal Standard**

A court should grant a motion to dismiss where, as here, the complaint fails to set forth allegations sufficient to make out all the material elements of a cause of action. *Weiner v. Klais*

---

[1] The address listed on the schedule is a billing P.O. Box for Alltel that is not used to receive general correspondence or notices. There is no indication that any notices were sent to Alltel's general mailing address or statutory agent and Alltel denies receiving any notice of either the discharge order or the show cause proceedings.

*& Co.*, 108 F.3d 86, 88 (6th Cir. 1997) (affirming dismissal of complaint for failure to state a claim). While the court must presume all well-pled factual allegations are true, the court need not accept any conclusions of law or unwarranted factual inferences. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 405 (6th Cir. 1998). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* U.S. , 127 S. Ct. 1955, 1964-65 (2007) (internal quotations and quotations omitted). Instead, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted).

**II.     No Private Right of Action Exists for Violations of 12 U.S.C. § 524.**

Plaintiff's only cause of action against Alltel is for Alltel's alleged violation of 12 U.S.C. § 524. (Complaint ¶ 27.) However, the Sixth Circuit and courts within the Sixth Circuit have consistently held that no private right of action exists for violations of a discharge injunction. *See, e.g., Pertuso v. Ford Motor Co.*, 233 F.3d 417 (6th Cir. 2000); *Torrance v. Select Portfolio Serv., Inc.*, No. 1:06-cv-00490, 2007 U.S. Dist. LEXIS 29363 (S.D. Ohio Apr. 19, 2007) (granting motion to dismiss based on lack of statutory private right of action) (copies of unreported cases attached as Exhibit A); *Lover v. Rossman & Co.*, 337 B.R. 633, 635 (Bankr. N.D. Ohio 2005). Plaintiff's claim therefore fails as a matter of law.[2]

---

[2] The proper remedy for an alleged violation of a discharge injunction is a motion to show cause. "The distinction between a statutory right of action and civil contempt is more than just nomenclature." *Lomeyer v. Alvin's Jewlers*, 365 B.R. 746, 750 n.2 (Bankr. N.D. Ohio 2007). In order to prove a claim for civil contempt, the party alleging contempt must prove by clear and convincing evidence the existence of a definite and specific court order and that the defendant had actual knowledge of and violated that order. *Lover*, 337 B.R. at 635; *Gunter v. Kevin O'Brien & Assoc., Co., LPA*, Case No. 02-58527, Adv. Pro. No. 05-2257, 2008 Bankr. LEXIS

3

### III. Alltel Did Not Take Any Action to Collect on a Debt and Therefore Did Not Violate 12 U.S.C. § 524.

12 U.S.C. § 524(a)(2) only prohibits act "to collect, recover or offset" a debt. The only allegation in Plaintiff's Complaint against Alltel is that it "sold the discharged debt with knowledge that the debt would be collected on." (Complaint ¶ 27.) As a matter of law, the sale of a debt is not an effort to collect on that debt for purposes of 12 U.S.C. § 524(a)(2).

This issue was specifically addressed in *Finnie v. First Union Nat'l Bank*, 275 B.R. 743 (E.D. Va. 2002). The court affirmed the dismissal of a discharge injunction violation claim against a bank which sold a debt after the injunction had been entered. As the court explained:

> The trouble with appellant's argument, however, is that it would have the court expand § 524(a)(2) beyond the plain language contained within the statute. The court must give the terms within a statute their plain meaning. *See, e.g., Sentara Virginia Beach Gen. Hosp. v. LeBeau,* ___ F. Supp. 2d ___, 2002 U.S. Dist. LEXIS 4069, 2002 WL 362564, at *2 (E.D. Va. Feb. 22, 2002). Regardless of how broadly this court construes the language in § 524(a)(2), the statute's prohibitions apply only to actions taken by a creditor to collect *from* the debtor. While a creditor is prohibited from utilizing a collection agency to recover a discharged debt on its behalf, *see, e.g. In re Walker*, 180 B.R. at 844, there is no prohibition on the creditor *selling* the discharged debt, presumably at a greatly discounted rate, to a third party. An effort by the *purchaser* of the discharged debt to collect on that debt may be a violation of the injunction, but that is not the issue before this court. Absent an agency relationship between the seller of a discharged debt and the purchaser of that debt, which the appellant does not allege in his amended complaint, the seller of a discharged debt is not liable for the purchaser's subsequent attempt to collect on that debt.

*Finnie*, 275 B.R. at 746 (emphasis in original). *See also*, *Irby v. Fashion Bug*, 337 B.R. 293, 296-97 (Bankr. N.D. Ohio 2005) (holding that reporting of debt did not violate discharge injunction because reporting was not effort to collect debt).[3] *Cf. Cook v. Bank One, N.A.*, 457 F.

---

1739 (Bankr. S.D. Ohio June 17, 2008). Plaintiff has not moved to hold Alltel in contempt and have not pled the elements of a civil contempt claim.

[3] The court in *Finnie* distinguished a Northern District of Ohio Bankruptcy Court case, *In re Lafferty*, 229 B.R. 707 (Bankr. N.D. Ohio 1998), that involved a sale of debt issue because of the unique factual setting of that case. *Finnie*, 275 B.R. at 746, n. 3. Later Northern District of Ohio opinions have likewise limited *Lafferty* to its facts. *See Hatfield v. Providian*, 345 B.R. 499, 505

4

3d 561, 568 (6th Cir. 2006) (holding that transfer of interest in mortgage did not violate the automatic stay); *In re Sims*, 278 B.R. 457, 471 (Bankr. E.D. Tenn. 2002) (citing *Finnie* and holding that actions which did not affect debtor did not violate automatic stay). Because Plaintiff has failed to allege that Alltel has taken any action to collect a debt, his claim against Alltel for violating the discharge injunction fails as a matter of law.

## CONCLUSION

Plaintiff has simply sued the wrong party. Alltel took no action to collect any debt from him and no private right of action exists for alleged violations of 12 U.S.C. § 524. Plaintiff's claim must be dismissed.

Respectfully submitted,

_____
John F. Kostelnik          (0014919)
Gregory R. Farkas          (0069109)
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, OH  44114-1230
216-515-1660 – Telephone
216-515-1650 – Facsimile
jkostelnik@frantzward.com
gfarkas@frantzward.com

Attorneys for Defendant,
Alltel Communications, LLC

---

(Bankr. N.D. Ohio 2006) (limiting *Lafferty* to its facts and granting motion to dismiss claim creditor failed to notify other parties of debtor's bankruptcy).

08-04121-kw    Doc 7-1    FILED 08/06/08    ENTERED 08/06/08 10:03:06    Page 5 of 5