UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILFRED IRIZARY ) | CASE NO: 02-41616 |
| ************************* ) | |
| ) | ADV. PRO. NO. 08-04121 |
| WILFRED IRIZARRY ) | |
| ) | JUDGE KAY WOODS |
| Plaintiffs, ) | |
| vs. ) | CHAPTER 13 |
| ) | |
| AFNI, INC ) | FIRST AMENDED |
| C/O Statutory Agent ) | COMPLAINT |
| CT Corporation System ) | |
| 1300 East Ninth St ) | |
| Cleveland Oh 44114 ) | |
| ) | |
| & ) | |
| ) | |
| Alltel Communications, LLC ) | |
| C/O Statutory Agent ) | |
| CT Corporation System ) | |
| 1300 East Ninth St ) | |
| Cleveland Oh 44114 ) | |
| Defendant. | |

**COMPLAINT SEEKING DAMAGES IN CORE AND NON-CORE ADVERSARY PROCEEDING FOR VIOLATION OF THE DISCHARGE INJUNCTION AND FEDERAL LAW**

Now comes the Plaintiff, by and through counsel, to amend his complaint as a matter or right pursuant to the Federal Rules of Bankruptcy Procedure 7015 and the Federal Rules of Civil Procedure 15. Neither Defendant has submitted a responsive pleading in this case and therefore this amendment to the complaint is a matter of right.

**Introduction**

1.      This action seeks redress for the unlawful and deceptive practices committed by the Defendant(s) in connection with their efforts to collect a debt discharged by the debtors' bankruptcy. Defendant AFNI's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. This Court has previously found that the Defendant AFNI is in contempt of Court for a willful violation 11 U.S.C. Sec 524(a). This adversary proceeding is brought to determine the extent of the willful conduct of the Defendant AFNI. In addition, the Plaintiff seeks monetary damages based on violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and the Fair Credit Reporting Act 15 U.S.C. sec 1681(b).

This adversary proceeding also adds Defendant Alltel Communications for violations of 11 U.S.C. sec 524(a) for the following reasons: Alltel sold this debt to AFNI without identifying the debt as included and discharged in the debtor's bankruptcy; Alltel sold this debt despite having actual knowledge of the discharge of this account in bankruptcy; and Alltel sold this debt with the knowledge that Defendant AFNI would attempt to collect the debt.

2.      This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

**Jurisdiction**

1

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code and the Fair Credit Reporting Act pursuant to Section 1681 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367.

6. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8. Plaintiff Wilfred Irizarry is a natural person who resides in the City of Youngstown, County of Mahoning, and State of Ohio, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. sec 1681.

9. Defendant AFNI, Inc (hereinafter "AFNI"), , is a foreign corporation operating a debt collection agency from an address of PO Box 3427, Bloomington, Il 61702 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). AFNI attempted to collect a debt from the Plaintiff as defined by 15 U.S.C.§1692a(5).

10. Defendant Alltel Communications, LLC (hereinafter "Alltel") is a foreign corporation doing business in the state of Ohio.

**Facts**

10. Mr. Irizarry filed for Chapter 13 Bankruptcy Protection on April 17, 2002.

11. Debtor listed Alltel Communications as a creditor; however, there was no proof of claim filed.

12. The Debtor successfully completed the Chapter 13 and received a discharge on August 16, 2006.

13. Alltel received actual notice of the discharge on 8/16/06.

14. Alltel then subsequently sold and/or transferred this debt to Defendant AFNI after actual knowledge of the discharge. In addition, Defendant Alltel did not notated or otherwise notify AFNI that the account was discharged in bankruptcy. Finally, Alltel knew or should have known that AFNI intended on trying to collect this discharged debt.

15. The Plaintiff believes that discovery will exhibit that AFNI purchased and/or received assignment of this account with actual knowledge that the account was previously discharged in Bankruptcy. In the alternative, AFNI knew or should have known this debt was discharged in bankruptcy prior to the purchase and/or assignment of the debt from Alltel.

16. Moreover, regardless of AFNI's notice of the bankruptcy discharge prior to the purchase and/or assignment from Alltel, AFNI was on actual notice of the Bankruptcy discharge as early as December of 2006 when AFNI impermissibly conducted a review of the Plaintiffs credit file from at least the Trans Union database. The bankruptcy information was clearly listed in the file and AFNI would have been on notice as a result of the impermissible inquiry. At the very minimum, a reasonably prudent person would have inquired further before beginning collection attempts.

17. AFNI began attempting to collect the discharged Alltel debt on or about May of 2007. AFNI sent numerous collection notices indicating that the debt was still owed and a settlement was being offered.

18. Counsel for Debtor, filed a motion to show cause as to why AFNI should not be held in contempt of Court.

19. As is a pattern with this debt collector, AFNI completely ignored the Courts order and refused to comply with the order to show cause.

20. This Court issued an order on February 28, 2008, that AFNI had willfully violated the discharge injunction and that damages were to be determined at a later date.

21. The actions by AFNI are not unique to the instant debtor. Upon information and belief, this company engages in an intentional and/or reckless pattern and practice of purchasing discharged bankruptcy debts for literally pennies on the dollar in an attempt to collect these debts from the debtors.

22. The Plaintiff has brought this action to determine the extent and depth of this deceptive and illegal practice before adequate damages and sanctions can be ordered.

23. The actions by AFNI and Alltel have also caused damage to the Plaintiff. AFNI has continuously violated the Plaintiff's rights under federal law. First, both Alltel and AFNI are robbing the Plaintiff of his fresh start after bankruptcy. In addition, AFNI has completely ignored the Plaintiff's rights and its own obligations under the Fair Debt Collection Practices Act, and the Fair Credit Reporting Act.

24. These actions against the Plaintiff are in conscious disregard for the rights of the Plaintiff. In addition, the improper sale of this discharged debt by Alltel and the subsequent improper collection actions by AFNI have caused the Plaintiff economic damages in the form of costs and fees in having to enforce his fresh start. In addition, the Plaintiff has experienced significant noneconomic damages in the form of frustration, aggravation, loss of privacy, loss of time and inconvenience, strain on his personal relationships and loss of enjoyment of the value of life.

## CLAIMS

**FIRST CLAIM – WILLFUL VIOLATION OF DISCHARGE INJUNCTION**

25. The allegations of paragraphs 1-24 above are realleged and incorporated herein by reference.

26. The Court has already ordered that the actions of Defendant AFNI in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtor, are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524(a), and constitute contempt of bankruptcy court orders.

27. The Plaintiff is also seeking to hold Defendant Alltel in contempt of court by knowingly selling a discharged debt with knowledge that the debt would be collected on and failing to notate or otherwise inform the collector that the debt was discharged in bankruptcy.

28. The conduct of the Defendant(s) in this case has substantially frustrated the discharge order entered by this Court and has caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendant(s).

29. The Plaintiff has brought this adversary proceeding to obtain additional discovery before an adequate amount of actual and punitive damages can be awarded.

## COUNT II. FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C §1692 et. seq.

30. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

31. Defendant AFNI's foregoing acts in attempting to collect this debt constitute violations of the Fair Debt Collection Practices Act, including but not limited to the following sections:

7

a.) §1692d- any conduct the natural consequence of which is to harass, oppress, or abuse any person;

b.) §1692e-any false, deceptive, or misleading representation or means in connection with the debt collection;

c.) §1692e(2)- misrepresented the character, amount, or legal status of the alleged debt;

d.) §1692f- any unfair or unconscionable means to collect or attempt to collect the alleged debt;

e.) §1692f(1)-Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

32. The Plaintiff was harmed by these violations by the Defendant and the Plaintiff is entitled to statutory damages, actual damages, and attorneys fees and costs pursuant 15 U.S.C. § 1692k(a).

## COUNT III

## FAIR CREDIT REPORTING ACT

33. Plaintiffs incorporate by reference paragraphs 1 through the preceding paragraph as though fully stated herein.

34. The Fair Credit Reporting Act 15 U.S.C. 1681b requires that users of credit information have a permissible purpose in order to access the information in a consumers file. The Plaintiff believes that discovery will exhibit that AFNI actually knew the debt was discharged yet impermissibly accessed the Plaintiffs credit file for purposes of collecting this debt. As AFNI was not permitted to collect on this debt and due to the fact that this

account no longer existed there was no permissible purpose under the Fair Credit Reporting Act for AFNI to invade the Plaintiffs privacy and gain access to this extremely sensitive and private information regarding the Plaintiff.

35. In the alternative, AFNI at least should have known the debt was discharged before accessing the Plaintiffs credit file. In addition, the access of the credit file by itself informed AFNI of the Bankruptcy and discharge. Despite this knowledge, AFNI subsequently began improper and illegal debt collection attempts. These facts alone illustrate the gross and willful intent of AFNI to completely disregard the Plaintiffs rights under both the Bankruptcy and other Federal and State Laws.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant(s) respectfully pray of the Court as follows:

A. That the Plaintiff have and recover against the Defendant(s) a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant(s) a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant(s) a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendant(s) all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order the Defendant(s) to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k and the FCRA pursuant to Section 1681n and Section 1681o;

G. That the Plaintiff have such other and further relief as the Court may deem just

9

and proper.

Date this the 26th day of August, 2008.

                                                                       Respectfully Submitted,

                                                                        s/Philip D. Zuzolo
                                                                        Philip D. Zuzolo.
Regis No 0081865
700 Youngstown Warren
Niles, OH 44446
330-652-1609
Lawyers@zuzolo.com
Attorney for the Plaintiff

s/ Robert A. Ciotola
Robert A. Ciotola #0012487
4590 Boardman-Canfield Rd
Canfield Oh 44406
Telephone (330) 533-8885
Facsimile (330) 533-9820
raciotola@aol.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE

I do hereby certify that on this 26th Day of August 2008, a copy of the foregoing Amended Complaint was filed electronically with the Bankruptcy Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Philip D. Zuzolo  
Philip D. Zuzolo  
Attorney for the Plaintiff