## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO: 02-41616 |
| WILFRED IRIZARY | |
| ************************* | ADV. PRO. NO.:08-04121 |
| WILFRED IRIZARRY | JUDGE KAY WOODS |
| Plaintiffs, | CHAPTER 13 |
| vs. | |
| AFNI, INC., et al. | PLAINTIFF'S RESPONSE MEMORANDUM TO DEFENDANT ALLTEL'S MOTION TO DISMISS |
| Defendants. | |

### SUMMARY OF ARGUMENT

Defendant Alltel's motion to dismiss argues that Plaintiff's complaint fails for the following two reasons: First, there is no private right of action for a violation of the discharge injunction; and Second, the sale of a discharged debt cannot be a violation of 11 U.S.C. sec 524(a).

In response, this Court has recently determined that a discharge injunction violation may be brought as an adversary proceeding.[1] In addition, the debtor's request for damages does not convert this cause into a private right of action.[2] In fact, damages suffered by the debtor are required in order for the debtor to meet requisite standing requirements.[3] Moreover, debtors are encouraged to bring violations to the Court's attention so that the Court may ensure enforcement of its orders.[4] Finally, there is precedent within the Northern District of Ohio that the sale of a discharged debt with

---

[1] *In Re Motichko*, unpublished decision Case No. 08-04055 dkt#19,*14(N.D. Ohio 2008)
[2] *Id* at *9.
[3] *Id* at *12.
[4] *Id*. At *8

knowledge the debt will be subject to collection is a violation of 11 U.S.C. sec 524(a).[5]

## SALE OF DISHCARGED DEBT

The Plaintiff alleges that Alltel's sale of a discharged debt with knowledge that the purchaser would collect on the debt is a violation of 11 U.S.C sec 524. In the Northern District of Ohio, Judge Shea-Stonum's decision in <u>In Re Lafferty</u>[6] is most directly on point. The facts in *Lafferty* very closely resemble the facts alleged in the instant case.

In *Lafferty*, there were two separate debtors that brought an action against the original creditor Ohio Savings.[7] The motions were consolidated.[8] These debts were discharged in the debtors Chapter 7 Bankruptcy.[9] Ohio Savings received notice of the discharge on both debts.[10] Approximately ten years after the discharge, Ohio Savings sold these two debts as part of a larger portfolio to a debt buyer Unifund (CCR) for less than 3 cents on the dollar.[11] Ohio Savings admitted that they knew the debts would be subject to collection.[12] While Ohio Savings had a generic coding mechanism to identify uncollectible debts, there was nothing to identify whether the debt was uncollectible because it was discharged in bankruptcy or some other reason.[13] Unifund, through its

---

[5] *In Re Lafferty*, 229 B.R. 707 (Bankr. N.D. Ohio 1998)
[6] 229 B.R. 707 (Bankr. N.D. Ohio 1998)
[7] *Id*. at 709.
[8] *Id*.
[9] *Id*. at 709-710.
[10] *Id*. at 714.
[11] *Id*. at 709.
[12] *Id*. at 714.
[13] *Id*. at 711.

3

collection agent, filed suits on both these debts in the state municipal court.[14] The state court cases were eventually dismissed.[15]

In finding a violation of the discharge injunction as to Ohio Savings, the Court pointed to the creditor's actual notice of the discharge when the debt was sold with the knowledge the debt would be subject to collection.[16] Moreover, the Court stated that the original creditor was in the best position to prevent the violation by notating the account as discharged in bankruptcy.[17] The Court specifically stated:

> "The selling of accounts is a deliberate act to collect on a discharged debt… While Ohio Savings argues that it cannot be responsible for the actions of National and the filing of the lawsuits against the debtors, Ohio Savings knew that National would take action to collect then against the debtors on those accounts and had received notice of the debtors' discharges. Ohio Savings was in the position to prevent such actions through proper identification of those accounts that had been discharged in bankruptcy and chose to handle such notice of discharge in a nonchalant, perhaps even cavalier, manner."[18]

The Plaintiff in the instant case has alleged that Alltel knowingly sold a discharged debt with knowledge that the debt would be subject to collection. In addition, Alltel failed to notate or otherwise notify the purchaser Defendant AFNI that the account was discharged in bankruptcy.

Defendant Alltel relies heavily on the decision in *Finnie v. First Union Nat'l Bank* that the sale of a discharged debt does not violate the discharge injunction.

In *Finnie,* the Court respectfully disagreed with the *Lafferty* decision finding that although the injunction should be broadly interpreted to encompass virtually any action to collect a discharged

---

[14] *Id.*
[15] *Id.*
[16] *Id.* at 714.
[17] *Id.*
[18] *Finnie v. First Union Nat'l Bank*, 275 B.R. 743, 746 footnote 3 (ED VA 2002)(citing In Re Lafferty)

4

08-04121-kw    Doc 14    FILED 09/02/08    ENTERED 09/02/08 21:44:11    Page 3 of 9

debt personally from the debtor, the injunction only applied to acts by the creditor themselves against the debtor.[19] Absent an agency relationship between the creditor and purchaser, the plain meaning of the bankruptcy code does not expand the injunction to third party purchasers.[20]

However, the *Finnie* Court in attempting to not expand the injunction of 11 U.S.C. sec 524(a), actually interprets a limitation in scope of the injunction that is not present in a plain reading of the statue. In addition, restricting the injunction to only actions by the creditor or creditor's agent is contrary to the intent of the injunction in providing the "fresh start." The plain language of 524(a) states:

> " (a) discharge in a case under this title'
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not the discharge of such debt is waived."

Reviewing the plain language of the statute, there is no restriction limiting the scope of the injunction to apply only to acts to collect a debt between a creditor and debtor directly. In fact, Courts have interpreted the injunction to be "intentionally broad in scope" and "intended to preclude virtually all actions" to collect on a discharged debt.[21]

A creditor that sells a discharged debt with knowledge that the debt will be subject to collection is clearly collecting on a discharged debt. The creditor is simply receiving their money "up front." Instead of employing a collector and waiting to see if the collector is

---

[19] *Id.*
[20] *Id.*
[21] In Re Lafferty, 229 at 713 (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 363-64(1978)(the injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total

successful to recover their money, the creditor has decided to take their money in the beginning. The purchaser is then left with the risk of whether or not they are able to obtain any money from the debtor. For assuming this risk, the purchaser is able to obtain the account at a substantial discount, normally less than 3 pennies on the dollar. As noted in the *Lafferty* case, the agreements between the creditor and purchaser are vague and ambiguous, which allows the creditor and purchaser the ability to blame the other if the debtor brings an action to enforce the injunction:

> "Both National and Ohio Savings appear to treat the Agreement as a shield to any liability and point the finger of blame at each other."229 B.R. at 713

The creditor's sale of the discharged debt is the first step in the violation of the injunction. Without the sale of the debt by the Creditor, the collection of the debt could not have occurred. The sale of the debt is both an actual and proximate cause of the violation.

As in the instant case, Alltel set the events in motion that lead to the violation of the injunction and now requests the Court to relieve them of any responsibility for actions they knew would be taken by the purchaser.

The debtor has alleged sufficient facts to state a claim against Alltel for violation of the discharge injunction. The debtor has alleged that Alltel sold this debt with actual notice of the discharge and knowledge that it would be subject to collection. In addition, Alltel failed to notate the account or otherwise notify AFNI that the account was discharged in bankruptcy. Therefore, based on the *Lafferty* decision and the foregoing allegations, Defendant Alltel's Motion to Dismiss

---

prohibition on debt collection efforts."

should be denied.

## ADVERSARY PROCEEDING IS PROPER FOR DISCHARGE VIOLATION

This Court has recently ruled that a debtor may bring an adversary proceeding to enforce the discharge injunction despite the fact that there is no private right of action.[22] The request for damages by the debtor does not convert this claim into a private cause of action.[23] As stated in *Motichko*, it is necessary for debtors to bring violations to the Court's attention so that the Court may enforce its orders and remedy violations.[24] This Court also found that it has discretion to hear a contempt of Court action as an Adversary Proceeding.[25] In fact, to require the complaint be dismissed and refiled as a motion would unnecessarily waste judicial resources and time.[26] Further, an Adversary Proceeding provides greater procedural protections of due process for the Defendants than a contested matter.[27]

A claim for violation of the discharge injunction must aver three elements: (1) Debtors received a discharge; (2) the Defendants were on notice of the discharge; and (3) The Defendants intended the acts that violated the discharge.[28] In addition, the debtor must also allege harm suffered as a result of the violation.[29]

The Plaintiff has alleged the three requisite elements and harm suffered by the Plaintiff as a result of the violation. Paragraphs 12,13, and 14 of the Plaintiff's Amended complaint state the

---

[22] *In Re Motichko*, unpublished decision Case No. 08-04055 dkt#19,*9(N.D. Ohio 2008)
[23] *Id*.
[24] *Id.* at *8.
[25] *Id.* at *14.
[26] *Id.* at *15-16.
[27] *Id.*
[28] *Id.* at *12.

7

following:

> 12. The Debtor successfully completed the Chapter 13 and received a discharge on August 16, 2006.
> 13. Alltel received actual notice of the discharge on 8/16/06.
> 14. Alltel then subsequently sold and/or transferred this debt to Defendant AFNI after actual knowledge of the discharge. In addition, Defendant Alltel did not notate or otherwise notify AFNI that the account was discharged in bankruptcy. Finally, Alltel knew or should have known that AFNI intended on trying to collect this discharged debt.

In Addition, paragraph 27 of the amended complaint states:

> 27. The Plaintiff is also seeking to hold Defendant Alltel in contempt of court by knowingly selling a discharged debt with knowledge that the debt would be collected on and failing to notate or otherwise inform the collector that the debt was discharged in bankruptcy.

Moreover, the Plaintiff has alleged the sufficient harm necessary to withstand the Defendant's Motion to Dismiss. Paragraph 24 of the Plaintiff's Amended complaint states:

> 24. These actions against the Plaintiff are in conscious disregard for the rights of the Plaintiff. In addition, the improper sale of this discharged debt by Alltel and the subsequent improper collection actions by AFNI have caused the Plaintiff economic damages in the form of costs and fees in having to enforce his fresh start. In addition, the Plaintiff has experienced significant noneconomic damages in the form of frustration, aggravation, loss of privacy, loss of time and inconvenience, strain on his personal relationships and loss of enjoyment of the value of life.

Finally, paragraph 28 of the amended complaint also alleges the following:

> The conduct of the Defendant(s) in this case has substantially frustrated the discharge order entered by this Court and has caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendant(s).

Therefore, taking the allegations as true, the Plaintiff states a claim for a willful violation of the discharge injunction against the Defendants.

---

[29] *Id.*

WHEREFORE, based on the foregoing, the Plaintiff respectfully requests this Honorable Court deny Defendant Alltel's motion to dismiss.

Respectfully Submitted,

s/Philip D. Zuzolo
Philip D. Zuzolo.
Regis No 0081865
700 Youngstown Warren
Niles, OH 44446
330-652-1609
Lawyers@zuzolo.com
Attorney for the Plaintiff

s/ Robert A. Ciotola
Robert A. Ciotola #0012487
4590 Boardman-Canfield Rd
Canfield Oh 44406
Telephone (330) 533-8885
Facsimile (330) 533-9820
raciotola@aol.com
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I do hereby certify that on this 2ND Day of September 2008, a copy of the foregoing Response Memorandum was filed electronically with the Bankruptcy Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ Philip D. Zuzolo
Philip D. Zuzolo
Attorney for the Plaintiff
